**AFFIRMED as MODIFIED and Opinion Filed October 10, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00328-CR**
**No. 05-22-00329-CR**
**No. 05-22-00330-CR**
**No. 05-22-00331-CR**

**WILLIE JAMES JONES, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F21-62050-M, F17-52308-M,**
**F17-52309-M, and F17-52310-M**

## MEMORANDUM OPINION

Before Justices Carlyle, Smith, and Kennedy
Opinion by Justice Smith

Appellant, Willie James Jones, appeals his convictions for unlawful possession of a firearm by a felon,[1] evading arrest and detention,[2] tampering with physical evidence,[3] and knowingly possessing cocaine in the amount of four grams

---

[1] Trial Court Cause No. F21-62050-M; Appellate Cause No. 05-22-00328-CR.

[2] Trial Court Cause No. F17-52308-M; Appellate Cause No. 05-22-00329-CR.

[3] Trial Court Cause No. F17-52309-M; Appellate Cause No. 05-22-00330-CR.

–1–

or more but less than 200 grams with the intent to deliver. [4] His appellate counsel has filed a brief and motions to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). Because we agree that the appeal is frivolous, we grant counsel's motions to withdraw and affirm the judgments of conviction as modified.

## Background and Procedural History

In 2017, Appellant entered an open plea of guilty to the state-jail felony offense of evading arrest and detention with a prior conviction for the same offense,[5] the third-degree felony offense of tampering with physical evidence,[6] and the first-degree felony offense of knowingly possessing cocaine in the amount of four grams or more but less than 200 grams with the intent to deliver.[7] Appellant also pleaded true to two prior felony convictions in the evading arrest case, making it punishable as a second-degree felony. *See* TEX. PENAL CODE §§ 12.425(b), 38.04(b)(1). The State waived the enhancement paragraphs to the other charges. In each of his plea agreements, appellant judicially confessed to the charged offense and relevant enhancement paragraphs. The trial court deferred a finding of guilt and placed appellant on deferred adjudication community supervision for a term of ten years in each case. In response to the State filing motions to proceed with an adjudication of

---

[4] Trial Court Cause No. F17-52310-M; Appellate Cause No. 05-22-00331-CR.

[5] *See* TEX. PENAL CODE § 38.04(a), (b)(1).

[6] *See id.* § 37.09(a)(1), (c).

[7] *See* TEX. HEALTH & SAFETY CODE § 481.112(a), (d); *see also id.* § 481.102(3)(D) (listing cocaine as a controlled substance in Penalty Group 1).

guilt on several occasions, the trial court modified appellant's conditions of community supervision to include participation in the Intensive Intervention Program and confinement in the Substance Abuse Treatment and Cognitive Intervention Track Programs at a State of Texas Contracted Intermediate Sanction Facility. Ultimately, the trial court proceeded to adjudicate appellant in 2022, after the State filed another amended motion to proceed with adjudication.

The State also charged appellant with committing the new third-degree offense of unlawful possession of a firearm by a felon. *See* TEX. PENAL CODE § 46.04(a), (e). The trial court held a combined plea and punishment hearing on the new offense, as well as on the three offenses proceeding to adjudication. Appellant entered an open plea of guilty to the new offense and a plea of true to the first enhancement paragraph; the State struck the second enhancement paragraph. The enhancement made the unlawful possession of a firearm charge punishable as a second-degree felony, instead of a third-degree felony, with a range of punishment from two to twenty years of incarceration. *See id.* §§ 12.33(a), 12.42(a). As part of his open plea, appellant signed a judicial confession admitting to the charged offense and the enhancement paragraph.

Appellant also pleaded true to the State's alleged violations of community supervision on the cases proceeding to adjudication. After hearing evidence from both parties, including testimony from appellant, the trial court found appellant violated the terms of community supervision as alleged and found appellant guilty

of each of the four offenses.  The trial court assessed appellant's punishment at fifty years' confinement in the Institutional Division of the Texas Department of Criminal Justice for the offense of unlawful possession of a firearm and the offense of possession with intent to deliver cocaine and to ten years' confinement for the offense of evading arrest and the offense of tampering with evidence.  Appellant's sentences were ordered to run concurrently.

The trial court reopened the punishment hearing the next day, after it realized it had mistakenly assessed appellant's punishment (fifty years) for the offense of unlawful possession of a firearm outside of the second-degree felony range of two to twenty years.  The trial court initially thought there were two enhancement paragraphs at issue, instead of one.  The trial court resentenced appellant to ten years' confinement for the offense of unlawful possession of a firearm.  Appellant filed a motion for new trial in each case.  The motions were either expressly denied by the trial court or denied by operation of law.  *See* TEX. R. APP. P. 21.8(a), (c).

The trial court certified appellant's right to appeal in each case.  On appeal, appointed counsel filed motions to withdraw, supported by an *Anders* brief.

### *Anders*

An *Anders* brief is a brief filed in support of an appointed attorney's motion to withdraw from an appeal that the attorney has concluded is wholly frivolous.  *Anders*, 386 U.S. at 744.  Such decision should be made only after counsel, in his role as an advocate for his client, has conducted a conscientious examination of the

entire record. *Id.* When court-appointed counsel files an *Anders* brief asserting that no arguable grounds for appeal exist, we must independently examine the record to determine whether the appeal is wholly frivolous. *Id.*

Appellate counsel initially filed an *Anders* brief in each of the four cases. Because counsel failed to comply with certain requirements under the *Anders* procedure, we struck three of the briefs, as well as an amended brief, which combined counsel's *Anders* analysis for all four cases. Subsequently, appellate counsel filed a second, single amended *Anders* brief addressing each of appellant's four convictions. This second amended brief establishes counsel's diligent review of the record, including each stage of the proceeding, such as the indictments, plea agreements, trial court's acceptance of appellant's guilty pleas, State's motions to proceed to adjudication, plea and motion to proceed hearings, punishment trial, and resentencing, as well as the voluntariness of appellant's pleas and the trial court's assessment of punishment. Counsel cited relevant law and provided record citations in his review. Based on counsel's professional evaluation of the record, counsel determined that there are no legal or factual issues that might arguably support an appeal.

Counsel also advised that he provided appellant with a copy of the brief and informed him of his rights to review the record, file a pro se brief, and seek discretionary review should this Court conclude the appeal is frivolous. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). This Court also provided notice

to appellant of his right to file a pro se response and petition for discretionary review. To this date, appellant has not filed a pro se brief. The State filed a letter brief agreeing with appellant's counsel that an appeal of these cases is frivolous and without merit because no reversible error appears in the record.

We conclude that counsel's brief and motions meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. *See Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 811–12 (Tex. Crim. App. [Panel Op.] 1978). Additionally, we have independently reviewed the record and conclude there are no arguable grounds to present on appeal. *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 511. We agree that the appeal is frivolous and without merit.

## Modification of Judgments and Bills of Costs

Although not arguable issues to present on appeal,[8] the trial court's judgment in Cause No. F21-62050-M does not accurately reflect the proceedings below and none of the judgments or bills of costs accurately reflect the amount of costs authorized to be assessed against appellant in these cases. This Court has the power to modify a judgment to speak the truth when we have the necessary information to

---

[8] *See, e.g.*, *Carreon v. State*, No. 05-19-00852-CR, 2021 WL 2603700, at *2 (Tex. App.—Dallas June 24, 2021, no pet.) (mem. op., not designated for publication) (correcting judgment to reflect appellant entered an open plea); *Blais v. State*, Nos. 05-20-00556, 00602-CR, 2021 WL 2010269, at *3 (Tex. App.—Dallas May 20, 2021, no pet.) (mem. op., not designated for publication) (deleting Court's assessment of duplicative costs from judgment).

do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc).

In Cause No. F21-62050-M (unlawful possession of a firearm), the judgment shows that the terms of appellant's plea bargain with the State included an agreed sentence of "10 YEARS TDCJ"; however, the record reflects that appellant's plea was open on punishment. Accordingly, we modify the judgment in Cause No. F21-62050-M to delete "10 YEARS TDCJ" from the section entitled "Terms of Plea Bargain" and replace it with "Open."

We next turn to the issue of costs. The imposition of certain court costs is mandatory upon conviction and should be reflected in the judgment. *See* TEX. CODE CRIM. PROC. art. 42.16. However, a cost cannot be imposed for a service not performed or for a service for which a cost is not expressly provided by law. *Id.* art. 103.002. As we explained in *Shuler v. State*, several cost related statutes were amended by the legislature in 2019. 650 S.W.3d 683, 687–91 (Tex. App.—Dallas 2022, no pet.); *see also Contreras v. State*, Nos. 05-20-00185, 00186-CR, 2021 WL 6071640, at *5–9 (Tex. App.—Dallas Dec. 23, 2021, no pet.) (mem. op. on reh'g, not designated for publication). The new cost structure, set forth in the amended statutes, became effective on January 1, 2020, and applies only to offenses committed on or after that date. *Shuler*, 650 S.W.3d at 687–91; *Contreras*, 2021 WL 6071640, at *5–9. Here, three of the offenses were alleged to occur in 2017—

Cause Nos. F17-52308-M (evading arrest), F17-52309-M (tampering), and F17-52310-M (possession with intent to deliver). Thus, the changes that became effective on January 1, 2020, do not apply to three of appellant's convictions.

Additionally, the court does not have authority to assess costs against a defendant in each case when the cases are tried together: "In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant." TEX. CODE CRIM. PROC. art. 102.073(a). "For purposes of this rule, a person convicted of two or more offenses in the same trial or plea proceeding is convicted of those offenses in a 'single criminal action.'" *Shuler*, 650 S.W.3d at 690 (citing *Hurlburt v. State*, 506 S.W.3d 199, 201–04 (Tex. App.—Waco 2016, no pet.)). The code provides that "each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions." TEX. CODE CRIM. PROC. art. 102.073(b).

Here, each of the four clerk's records contain a March 25, 2022 bill of costs even though appellant was convicted of the four offenses in a single proceeding. The judgment in Cause No. F21-62050-M (unlawful possession of a firearm) is the only judgment that indicates appellant was ordered to pay court costs; the remaining judgments show "$ N/A" under the section entitled "Court Costs." Pursuant to the code of criminal procedure, court costs should have been assessed against appellant

in Cause No. F17-52310-M (possession with intent to deliver) because it is the case with the highest category offense, a first-degree felony.  *See id.*; *see also* TEX. HEALTH & SAFETY CODE §§ 481.102(3)(D), 481.112(a), (d).  The March 25, 2022 bill of costs in Cause No. F17-52310-M provides the following fee descriptions and amounts assessed:

| | |
|---|---:|
| Clerk's Fee | 40.00 |
| Jury Fee | 1.00 |
| Court House Sec Fee | 10.00 |
| Cons State Fee | 185.00 |
| County Records Mgt | 25.00 |
| Specialty Court | 25.00 |
| Judicial Salary Fee | 5.40 |
| Sheriff's Fee | 100.00 |
| Records Mgt & Pres | 22.50 |
| State Jury Fee | 4.00 |
| St Electronic Filing | 5.00 |

The Jury Fee and Specialty Court Fee were among the 2019 (effective January 1, 2020) legislative changes and, thus, do not apply to this 2017 offense and should be deleted.  *See Shuler*, 650 S.W.3d at 687; *Contreras*, 2021 WL 6071640, at *9 n.7. Additionally, although "a fee of $25 for records management and preservation services" was previously authorized by former article 102.005(f), it is listed twice in the bill of costs: once as "County Records Mgt" in the amount of $25 and once as "Records Mgt & Pres" in the amount of $22.50.  *See* FORMER TEX. CODE CRIM. PROC. art. 102.005(f) (Records Mgt & Pres, effective June 17, 2005, to December 31, 2019) (providing for a $25 fee and separating that amount into two funds; $22.50 going to a general management and preservation fund, and $2.50 going to the

management and preservation fund "of the clerk"). Therefore, the duplicative "Records Mgt & Pres" fee of $22.50 should be deleted. The Court House Security Fee was authorized by former article 102.017 in an amount of $5, and thus should be reduced from $10 to $5 here. *See Contreras*, 2021 WL 6071640, at *9 n.7. The State Consolidated Fee was authorized by former section 133.102 of the local government code in an amount of $133, not $185. *See Shuler*, 650 S.W.3d at 691; *Contreras*, 2021 WL 6071640, at *9. The remainder of the costs are supported by statutes in effect at the time of the 2017 offense. *See* FORMER TEX. LOC. GOV'T CODE § 133.105 (Judicial Salary Fee, effective October 1, 2007, through December 31, 2019); FORMER TEX. CODE CRIM. PROC. arts. 102.0045(a) (State Jury Fee, effective September 1, 2011, through December 31, 2019), 102.005(a) (Clerk's Fee, effective June 17, 2005, to December 31, 2019), 102.011 (Sheriff's Fee, effective September 1, 2009, through December 31, 2019); FORMER TEX. GOV'T CODE § 51.851(d) (St Electronic Filing, effective September 1, 2015, through December 31, 2019). Therefore, the total cost assessed in Cause No. F17-52310-M should be $317.40.

The bills of costs in Cause Nos. F17-52308-M and F17-52309-M charge appellant the same fees as those assessed in Cause No. F17-52310-M, except the Sheriff's Fee is listed at $150, instead of $100. Article 102.0011 authorizes a Sheriff's Fee to be assessed in each case in which there is an arrest, because it is due for each arrest on each offense, including when a capias is issued for violating terms

–10–

of community supervision. FORMER TEX. CODE CRIM. PROC. art. 102.011(a)(1), (a)(2), (e) ($50 fee for processing arrest warrant or capias) (effective September 1, 2009, through December 31, 2019). According to the record here, a capias was issued at least twice in each of appellant's 2017 cases before his final arrest in 2022. Therefore, the $150 Sheriff's Fee in Cause Nos. F17-52308-M and F17-52309-M is authorized by law; however, the remaining costs assessed in those cause numbers are duplicative and should be deleted.

And finally, in Cause No. F21-62050-M, the bill of costs assesses the following costs against appellant:

| | |
|---|---:|
| Clerk's Fee | 40.00 |
| Jury Fee | 1.00 |
| Court House Sec Fee | 10.00 |
| Cons State Fee | 185.00 |
| County Records Mgt | 25.00 |
| Specialty Court | 25.00 |

Although the Court House Security Fee and State Consolidated Fee have a higher amount listed for this 2021 offense due to the 2019 legislative amendments, the fees are duplicative because we have concluded costs should have been assessed in the 2017 first-degree felony case, Cause No. F17-52310-M, in the amounts previously authorized. *See Shuler*, 650 S.W.3d at 691; *Contreras*, 2021 WL 6071640, at *9, *9 n.7; *see also* TEX. CODE CRIM. PROC. art. 102.073(b) (cost must be assessed using the highest category offense). The Clerk's Fee and County Records Management Fee are also duplicative. However, because the Jury Fee and the Specialty Court

–11–

Fee were added by the 2019 amendments and not applicable to appellant's 2017 possession with intent to deliver case, they are not duplicative and were properly assessed against appellant here. *See Shuler*, 650 S.W.3d at 687; *Contreras*, 2021 WL 6071640, at *9 n.7. Therefore, the costs assessed against appellant in Cause No. F21-62050-M should be $26.00.

As demonstrated by the analysis in this opinion, determining costs can be a tedious and time-consuming endeavor, especially when a defendant has committed multiple offenses in different years but is later convicted of the offenses in a single proceeding. We are sympathetic with the clerks of the court who are tasked with sifting through various code provisions and their amendments to determine the amounts authorized to charge. However, it is incumbent on clerks to diligently check that they are certifying authorized amounts to be assessed against defendants. *See* TEX. CODE CRIM. PROC. art. 103.001(b). Adding an extra column to the bill of costs indicating the statutory authority for which the fee was assessed could be one way to ensure that costs are being properly assessed against a defendant. We also urge the legislature to consider creating a centralized statutory framework for assessing costs, or even a blanket cost amount for a felony or a misdemeanor conviction, so that clerks, along with the parties, lawyers, and judges, have a simple roadmap to follow when determining what costs are authorized.

## Conclusion

The judgments in Cause Nos. F17-52308-M and F17-52309-M are modified as follows:

- "Court Costs: $ N/A" is modified to read "Court Costs: $150."

The following costs are deleted from the bills of costs in Cause Nos. F17-52308-M and F17-52309-M:

| | |
|---|---|
| Clerk's Fee | 40.00 |
| Jury Fee | 1.00 |
| Court House Sec Fee | 10.00 |
| Cons State Fee | 185.00 |
| County Records Mgt | 25.00 |
| Specialty Court | 25.00 |
| Judicial Salary Fee | 5.40 |
| Records Mgt & Pres | 22.50 |
| State Jury Fee | 4.00 |
| St Electronic Filing | 5.00 |

Therefore, the bills of costs in Cause Nos. F17-52308-M and F17-52309-M are modified to read:

| | |
|---|---|
| Sheriff's Fee | 150.00 |
| Initial Amount Due | 150.00 |

The judgment in Cause No. F17-52310-M is modified as follows:

- "Court Costs: $ N/A" is modified to read "Court Costs: $317.40."

The following costs are deleted from the bill of costs in Cause No. F17-52310-M:

| | |
|---|---|
| Jury Fee | 1.00 |
| Specialty Court | 25.00 |
| Records Mgt & Pres | 22.50 |

–13–

And the following costs are modified in the bill of costs:

- "Court House Sec Fee    10.00" is modified to read "Court House Sec Fee    5.00"; and

- "Cons State Fees    185.00" is modified to read "Cons State Fees    133.00.

Therefore, the bill of costs in Cause No. F17-52310-M is modified to read:

| | |
|---|---|
| Clerk's Fee | 40.00 |
| Court House Sec Fee | 5.00 |
| Cons State Fee | 133.00 |
| County Records Mgt | 25.00 |
| Judicial Salary Fee | 5.40 |
| Sheriff's Fee | 100.00 |
| State Jury Fee | 4.00 |
| St Electronic Filing | 5.00 |
| Initial Amount Due | 317.40 |

The judgment in Cause No. F21-62050-M is modified as follows:

- "10 YEARS TDCJ" is deleted from the section entitled "Terms of Plea Bargain" and is modified to read "Open"; and

- "Court Costs: $286" is modified to read "Court Costs: $26."

The following costs are deleted from the bill of costs in Cause No. F21-62050-M:

| | |
|---|---|
| Clerk's Fee | 40.00 |
| Court House Sec Fee | 10.00 |
| Cons State Fee | 185.00 |
| County Records Mgt | 25.00 |

Therefore, the bill of costs in Cause No. F21-62050-M is modified to read:

| | |
|---|---|
| Jury Fee | 1.00 |
| Specialty Court | 25.00 |
| Initial Amount Due | 26.00 |

As modified, we affirm the judgments of conviction, and we grant counsel's motions to withdraw in each case. The trial court is directed to prepare, in each case, a corrected judgment and bill of costs that reflects the modifications made in this Court's opinion and judgments. *See Shumate v. State*, 649 S.W.3d 240, 245–46 (Tex. App.—Dallas 2021, no pet.).

/Craig Smith/
CRAIG SMITH
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
220328F.U05



# Court of Appeals
## Fifth District of Texas at Dallas
### JUDGMENT

WILLIE JAMES JONES, Appellant

No. 05-22-00328-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas Trial Court Cause No. F21-62050-M. Opinion delivered by Justice Smith. Justices Carlyle and Kennedy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

- "10 YEARS TDCJ" is deleted from the section entitled "Terms of Plea Bargain" and is modified to read "Open"; and

- "Court Costs: $286" is modified to read "Court Costs: $26."

Additionally, the bill of costs is **MODIFIED** as follows:

- "Clerk's Fee      40.00" is deleted;

- "Court House Sec Fee      10.00" is deleted;

- "Cons State Fees      185.00" is deleted;

- "County Records Mgt      25.00" is deleted; and

- "Initial Amount Due: $286.00" is modified to read "Initial Amount Due: $26.00."

As **REFORMED**, the judgment is **AFFIRMED**.

–2–

We **DIRECT** the trial court to prepare a corrected judgment and bill of costs that reflect these modifications.

Judgment entered this 10th day of October 2023.



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

WILLIE JAMES JONES, Appellant

No. 05-22-00329-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas Trial Court Cause No. F17-52308-M. Opinion delivered by Justice Smith. Justices Carlyle and Kennedy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

- "Court Costs: $ N/A" is modified to read "Court Costs: $150."

Additionally, the bill of costs is **MODIFIED** as follows:

- "Clerk's Fee            40.00" is deleted;

- "Jury Fee               1.00" is deleted;

- "Court House Sec Fee    10.00" is deleted;

- "Cons State Fees        185.00" is deleted;

- "County Records Mgt     25.00" is deleted;

- "Specialty Court        25.00" is deleted;

- "Judicial Salary Fee    5.40" is deleted;

- "Records Mgt & Pres     22.50" is deleted;

–4–

- "State Jury Fee                4.00" is deleted;

- "St Electronic Filing        5.00" is deleted; and

- "Initial Amount Due: $472.90" is modified to read
  "Initial Amount Due: $150.00."

As **REFORMED**, the judgment is **AFFIRMED**.

We **DIRECT** the trial court to prepare a corrected judgment and bill of costs that reflect these modifications.

Judgment entered this 10th day of October 2023.



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

WILLIE JAMES JONES, Appellant

No. 05-22-00330-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas Trial Court Cause No. F17-52309-M. Opinion delivered by Justice Smith. Justices Carlyle and Kennedy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

- "Court Costs: $ N/A" is modified to read "Court Costs: $150."

Additionally, the bill of costs is **MODIFIED** as follows:

- "Clerk's Fee            40.00" is deleted;

- "Jury Fee            1.00" is deleted;

- "Court House Sec Fee    10.00" is deleted;

- "Cons State Fees       185.00" is deleted;

- "County Records Mgt    25.00" is deleted;

- "Specialty Court       25.00" is deleted;

- "Judicial Salary Fee     5.40" is deleted;

- "Records Mgt & Pres    22.50" is deleted;

- "State Jury Fee          4.00" is deleted;

- "St Electronic Filing     5.00" is deleted; and

- "Initial Amount Due: $472.90" is modified to read
  "Initial Amount Due: $150.00."

As **REFORMED**, the judgment is **AFFIRMED**.

We **DIRECT** the trial court to prepare a corrected judgment and bill of costs that reflect these modifications.

Judgment entered this 10th day of October 2023.



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

WILLIE JAMES JONES, Appellant

No. 05-22-00331-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas Trial Court Cause No. F17-52310-M. Opinion delivered by Justice Smith. Justices Carlyle and Kennedy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

- "Court Costs: $ N/A" is modified to read "Court Costs: $317.40."

Additionally, the bill of costs is **MODIFIED** as follows:

- "Jury Fee                1.00" is deleted;

- "Court House Sec Fee    10.00" is modified to read "Court House Sec Fee    5.00";

- "Cons State Fees        185.00" is modified to read "Cons State Fees        133.00";

- "Specialty Court        25.00" is deleted;

- "Records Mgt & Pres    22.50" is deleted; and

- "Initial Amount Due: $422.90" is modified to read "Initial Amount Due: $317.40."

As **REFORMED**, the judgment is **AFFIRMED**.

We **DIRECT** the trial court to prepare a corrected judgment and bill of costs that reflect these modifications.


Judgment entered this 10th day of October 2023.